Judge Owsley
delivered the judgment of the court.
Ejectments having been brought, by the appellant, against the appellees, to obtain from them the possession of a tract of land upon which they reside, they exhibited their bill against him, alledging, that they are informed and believe, that he, before the commencement of the ejectments, had conveyed the land to others, and called upon him to answer, whether or not he had made such a conveyance; aVid after the appellant’s demurrer to the appellees’ right to *336 the discovery was overruled, and the bill taken for confessed, the court below, upon the trial of the ejectments, instructed the jury that the bill being taken for confessed, was legal and conclusive evidence of the title having been conveyed from the appellant.
discoverin'01, facts within the party’s own knowl-which he is bound to res-def’t’ faite to answer?*they are properly taken as con-nu?-6proof1*'"
Talbot for plaintiff, Hardin for defendant in error.
Whether, therefore, the court decided correctly in giving the instructions, is the only question presented for decision; in'the determination of the present contest?
^ e have liq doubt, that the discovery sought is of that character which properly authorised the appellees to apply-to a court of chancery; and that after the demurrer to their p¡¡¡ was overruled, and the appellant failed to answer, it was Pr0Per t° pronounce a decree, taking the allegations of the bill for confessed.
And, admitting the bill to be true, there is no doubt but instructions of the court were correctly given; for although, as was held in the case of Longes and Kennedy, 2 Bibb, 608, it would be irregular to assume the existence °f a *act upon the bare allegation of a complainant’s information and belief; yet when in connection with such a charge, the complainant moreover calls upon the defendant, by express interrogation, (as was done in the case now before us,) to answer whether or not the facts of which be had been informed, and believed, were true, the failure te answer must be considered as an implied admission of the facts, to which if the defendant had answered, he would have been bound to respond.
Judgment must be affirmed with cost.